IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILSON RUIZ-SULSONA,

Plaintiff

v.

UNIVERSITY OF PUERTO RICO;
DIANA RUIZ-GÓMEZ;
COMMONWEALTH OF PUERTO
RICO; PEDRO N. GONZÁLEZ-
CORDERO; LUIS R. CRESPO-BELLO;
FERNANDO NERIS-FLORES;
MIGUEL GONZÁLEZ-VALENTÍN;
JOHN DOE; RICHARD DOE,

Defendants

CIVIL 98-1758 (JAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion for summary judgment filed by all defendants. (Docket No. 33.) The plaintiff Wilson Ruiz-Sulsona (hereinafter "Ruiz-Sulsona") filed an opposition to the defendants' motion for summary judgment on July 12, 2001. (Docket No. 46.) On August 6, 2001, the defendants filed a reply to plaintiff's opposition to defendants' motion for summary judgment. (Docket No. 52.) Then, on September 18 and December 3, 2001, plaintiff replied to the defendants' August 6 motion. (Docket Nos. 57, 58.)

### I. Factual Background

On June 30, 1998, plaintiff Ruiz-Sulsona, a contracted professor at the University of Puerto Rico, Aguadilla Campus, and an active member of the New Progressive Party (PNP), filed a complaint asserting that defendants discriminated against him because of his political affiliation. (Docket No. 33.) Plaintiff Ruiz-Sulsona basis his claim on: (1) the Civil Rights Act, 42 U.S.C. § 1983, for deprivation of his rights under the First Amendment

CIVIL 98-1758 (JAG)                                2

of the Constitution of the United States; (2) the Due Process Clause of the Fourteenth Amendment, for depravation of his rights under such clause; (3) Puerto Rico's Anti-discrimination Law, Law 100 of June 30, 1959, 29 P.R. Laws Ann. § 146 et seq.; (4) Puerto Rico's Personnel Law, Law 5 of October 14, 1975, 3 P.R. Laws Ann. § 1301 et seq.; (5) Puerto Rico's Law on Interference with Political Affiliation, Law 382 of May 11, 1950, 29 P.R. Laws Ann. § 136; and (6) individual rights under Puerto Rico's Constitution, P.R. Const. art. II, §§ 1, 4, 6, and 7. (Docket No. 33.)

Plaintiff contends that defendant Diana Ruiz-Gómez, Director of the Department of Business Administration at the University of Puerto Rico's Aguadilla Campus, and well known for her affiliation to the Popular Democratic Party (PPD), along with the other defendants, personally and willfully persecuted, harassed and discriminated against him for his political affiliation, therefore violating his constitutional and statutory rights. Ruiz-Sulsona also claims, that said actions by the defendants intentionally caused him to receive a poor evaluation from his department, which ultimately led the Personnel Committee to deny the renewal of his contract. (Docket No. 3.) Defendants request that plaintiff's claims be dismissed since his uncontested facts show that no real genuine issue of material facts exists, and that they are entitled to judgment as a matter of law. (Docket No. 33.)

II. Summary Judgment Standard

Summary judgment is entered only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 33 (1st Cir. 2001); see Abbadessa v. Moore Bus. Forms, Inc., 987 F.2d 18, 22 (1st Cir. 1993). To find in favor of the defendants, this court "must view the entire record in the light most hospitable to the

CIVIL 98-1758 (JAG)                                      3

party opposing summary judgment, indulging all reasonable inferences in that party's favor." Suárez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000); see also Pérez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001); Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

In a motion for summary judgment, the moving party must demonstrate "an absence of evidence to support the nonmoving party's case" to discharge its burden of proof. Celotex Corp. v. Catrett, 477 U.S. at 325. Then the nonmoving party adopts the burden of showing that there is a factual disagreement. "[T]o defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting 'enough competent evidence to enable a finding favorable to the nonmoving party.'" Hidalgo v. Overseas Condado Ins. Agencies, Inc., 120 F.3d 328, 332 (1st Cir. 1997) (quoting Leblanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993), cert. denied., 511 U.S. 1018 (1994)). Plaintiff may not rely on "conclusory allegations, improbable inferences, and unsupported speculation." Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)); see Burns v. State Police Ass'n of Massachusetts, 230 F.3d 8, 9 (1st Cir. 2000). Only at this point does the court construe material facts and reasonable inferences in favor of the nonmoving party. Domínguez v. Eli Lilly & Co., 958 F. Supp. 721, 727 (D.P.R. 1997), aff'd, 141 F.3d 1149 (1st Cir. 1998).

In the District Court of Puerto Rico, Local Rule 311.12, requires a motion for summary judgment to be accompanied by a separate, short and concise statement of material facts that supports the moving party's claim that there are no genuine issues of material fact in dispute. These facts are then deemed admitted until the nonmoving party provides a similarly separate, short and concise statement of material fact establishing that there is a genuine issue in dispute. Local Rules, United States District Court for the

CIVIL 98-1758 (JAG)                                          4

District of Puerto Rico, Local Rule 311(12) (Michie 1996); see Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 26 (1st Cir. 2000); Domínguez v. Eli Lilly & Co., 958 F. Supp. at 727; see also Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001). These facts must be supported by specific reference to the record, thereby pointing the court to any genuine issues of material fact and eliminating the problem of the court having to "ferret through the Record." Domínguez v. Eli Lilly & Co., 958 F. Supp. at 727; see Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 930-31 (1st Cir. 1983); Carmona Ríos v. Aramark Corp., 139 F. Supp. 2d 210 (D.P.R. 2001); Velázquez Casillas v. Forest Lab., Inc., 90 F. Supp. 2d 161, 163 (D.P.R. 2000). Failure to comply with this rule may result, where appropriate, in judgment in favor of the opposing party. Morales v. A.C. Orssleff's EFTF, 246 F.3d at 33; Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d at 927.

### III. Analysis

A. Civil Rights Violation Claim Under 42 U.S.C. § 1983

A claim under section 1983 has two essential elements. First, the challenged conduct must be attributable to a person acting under color of law; second, the conduct must have worked a denial of rights secured by the Constitution or by federal law. Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir.), cert. denied, 522 U.S. 819 (1997); see also DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 33 (1st Cir. 2001); Barrios-Velázquez v. Asociación de Empleados del Estado Libre Asociado de Puerto Rico, 84 F.3d 487, 491 (1st Cir. 1996); Willhauck v. Halpin, 953 F.2d 689, 703 (1st Cir. 1991) (citing Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 105-108 (1989)); Rodríguez-Vázquez v. Cintrón-Rodríguez, 160 F. Supp. 2d 204, 209 (D.P.R. 2001). The second element requires the plaintiff to prove not only a deprivation of federal right, but also that the defendant's conduct was a cause in fact of the alleged deprivation. Soto v. Flores, 10 F.3d at 1062.

CIVIL 98-1758 (JAG)                                          5

This may consist of direct acts by the defendant, certain acts performed at defendant's direction, or knowledge and consent. Rodriguez-Vázquez v. Cintrón-Rodríguez, 160 F. Supp. 2d at 210.

To survive summary judgment in a case alleging unconstitutional political discrimination in public employment, an employee must produce evidence that [their] political affiliation was a "substantial" or "motivating" factor behind the challenged employer's decision. Báez-Cruz v. Municipality of Comerío, 140 F.3d 24, 28 (1st Cir. 1998); see also Acevedo-Díaz v. Aponte, 1 F.3d 62, 67 (1st Cir. 1993); Ramos-Biaggi v. Martínez, 98 F. Supp. 2d 171, 175 (D.P.R. 2000). Plaintiff has to outline sufficient facts to demonstrate specific instances of unlawful discrimination. Rodríguez-Vázquez v. Cintrón-Rodríguez, 160 F. Supp. 2d at 208. In addition, plaintiff must allege minimal facts, not subjective characterizations, as to who did what to whom and why. Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983). If plaintiff fails to produce evidence of unlawful discrimination, then the court has no reason to overturn the employer's decision. Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 270-71 (1977).

Plaintiff sets forth that defendants Pedro N. González-Cordero, Fernando Neris-Flores, Luis R. Crespo-Bello and/or Diana Ruiz-Gómez, harassed him due to his political ideas, his support to Governor Pedro Rosselló and/or his affiliation to the N.P.P. (Docket No. 46, Plaintiff's Statement of Uncontested Facts, ¶ 6.) Plaintiff sets forth that on September 19, 1996, defendants Diana Ruiz-Gómez and Pedro N. González-Cordero, willfully and intentionally evaluated plaintiff's performance in bad faith with the intention of harming him because of his political affiliation. (Docket No. 46, Plaintiff's Statement of Uncontested Facts, ¶ 8.) Ruiz-Sulsona argues that defendant Diana Ruiz-Gómez in bad faith and with the purpose of harassing him, notified him of an evaluation with very little

CIVIL 98-1758 (JAG)                                6

time for him to prepare himself. (Docket No. 46, Plaintiff's Statement of Uncontested Facts, ¶ 7.) Ruiz-Sulsona also claims that the defendants created, incited, allowed and/or tolerated a politically discriminating harassing work environment against the plaintiff. (Docket No. 46, Plaintiff's Statement of Uncontested Facts, ¶ 15.)

Plaintiff in his own deposition admitted to have no claim of political discrimination against defendant Miguel González-Valentín. See Transcript of Plaintiff's Deposition of December 28, 2000, Exhibit 3, at 42. He also states that defendant Crespo-Bello had retired a year prior to the date that plaintiff's contract had expired. See Exhibit 3, at 11. As to defendant Diana Ruiz-Gómez, Ruiz-Sulsona recounts an incident that took place more than eight months before plaintiff's contract had expired and since then, no other incident of that same nature has taken place. See Exhibit 3, at 47. The claims against defendant Fernando Neris-Flores are based on several comments made by him in reference to Governor Rosselló and his administration, that took place in the presence of Ruiz-Sulsona. Finally, as to defendant Pedro N. González-Cordero, the claims are based on jokes and comments made by the same, also regarding Governor Rosselló and his administration that took place in October 1996. See Exhibit 3, at 44-45.

These claims are based solely on plaintiff's own conclusions and appreciation of defendants' actions towards him. Plaintiff's claims fail to establish that plaintiff's political affiliation was a motivating factor behind the personnel's decision not to renew his contract. The record's lack of specific evidence that could raise doubt about defendants' actions being politically motivated, makes plaintiff's claim under 42 U.S.C. § 1983 unwarranted.

B. Plaintiff's Property Interest in His Employment

Defendants also claim that plaintiff has not been deprived of a constitutionally cognizable property interest. (Docket No. 33.) Plaintiff, on the other hand, contends that

CIVIL 98-1758 (JAG)                                    7

his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution were violated. (Docket No. 3.)

Under the Due Process Clause of the Fourteenth Amendment, persons who possess a property interest in continued public employment cannot be deprived of that interest without due process of law. Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 5 (1st Cir. 2000); see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985); Rivera-Flores v. Puerto Rico Tel. Co., 64 F.3d 742, 750 (1st Cir. 1995). To establish a procedural due process claim under 42 U.S.C. § 1983, plaintiff must allege, first that he has a property interest and second, that he was deprived of that property interest without a due process of law. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). If the employee proves that he or she possess a property interest, then they have an opportunity to defend themselves against the personnel decision. Figueroa-Serrano v. Ramos-Alverio, 221 F.3d at 5; see also Keradó-Meléndez v. Aponte-Ramos, 829 F.2d 255, 263 (1st Cir. 1987), cert. denied, 486 U.S. 1044 (1988). The existence of a property interest in continued employment depends upon whether it was reasonable for the employee to believe, based upon either statute or employment contract, that he could rely on continued employment. Ortiz-Piñero v. Rivera-Acevedo, 900 F. Supp. 574, 581 (D.P.R. 1995); see also Portela-González v. Secretary of Navy, 913 F. Supp. 122, 127 (D.P.R. 1996), aff'd, 109 F.3d 74 (1st Cir. 1997). Under Puerto Rico law and First Circuit's precedent interpreting the Commonwealth's law, "transitory employees generally do not have a property interest in continued employment beyond the yearly term of the appointment." Pagán-Cuevas v. Vera Monroig, 91 F. Supp. 2d 464, 471 (D.P.R. 2000) (citing Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 94 (1st Cir. 1994) (citing Caro v. Aponte-Roque, 878 F.2d 1, 4-5 (1st Cir. 1989)); Ortiz-Piñero v. Rivera-Acevedo, 900 F. Supp. 574, 582 (D.P.R. 1995), aff'd, 84 F.3d 7 (1st Cir. 1996).

CIVIL 98-1758 (JAG)                                  8

Plaintiff was hired by the University of Puerto Rico on August 19, 1995, under a Service Contract and as a part-time instructor at the Department of Business Administration. (Docket No. 46, Plaintiff's Statement of Uncontested Facts, ¶ 1). A service contract is used by the University to hire persons to teach those courses that have not yet been assigned to a regular permanent professor. This type of contract is also for a determined period of time. (Docket No. 33, Defendant's Statement of Uncontested Facts, Exhibit 2.) Temporary appointments also have a fixed term which cannot exceed a year. (Docket NO. 33, Defendant's Statement of Uncontested Facts, ¶ 5.) Occupying a temporary appointment and a service contract with the University of Puerto Rico, Ruiz-Sulsona does not have a legitimate expectation of continued employment nor a property interest in the same. Thus, plaintiff's due process claim cannot prevail.

C. Plaintiff's Claim are Time Barred by the Statute of Limitations

The limitations period for a cause of action under 42 U.S.C. § 1983 claim is the state statute of limitations for personal injury actions. Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997). In Puerto Rico the applicable limitation period for tort actions is one year. Id. See 3 P.R. Laws Ann. § 5298 (2). The accrual period for a section 1983 action "ordinarily starts when the plaintiff knows, or has reason to know, of the injury on which the action is based." Carreras-Rosa v. Alves-Cruz, 127 F.3d at 174 (citing Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992)).

It is an uncontested fact the plaintiff Ruiz-Sulsona was notified on two occasions about the expiration of his contract, on May 8, 1997 and on May 15, 1997. (Docket No. 33, Defendant's Statement of Uncontested Facts, Exhibit 1.) Plaintiff in his own deposition stated that he was aware that his contract was not going to be renewed for the next semester at the time he received both notifications. (Docket No. 33, Defendant's Memorandum in Support of Motion for Summary Judgment, Exhibit 2, at 23, ¶ 5.) Prior

CIVIL 98-1758 (JAG)                                              9

to that time, according to plaintiff, he was aware that the reason for the non-renewal was politically motivated. Consequently, the accrual period started either on May 8 or May 15, 1997 but certainly not on June 30, 1997, when plaintiff's contract expired. As a result, plaintiff's claim against all defendants is time barred since his complaint was filed on June 30, 1998. (Docket No. 1.)

D. Supplemental Claims Must Also be Dismissed Due to Absence of Any Cognizable Basis for Federal Jurisdiction

The assertion of supplemental jurisdiction over state law claims is within the federal court's discretion. Méndez-Marrero v. Toledo, 968 F. Supp. 27, 34 (D.P.R. 1997); see also O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 273 (1st Cir. 2001); Pejepscot Indus. Park, Inc. v. Maine Cent. R. Co., 215 F.3d 195, 206 (1st Cir. 2000). If the federal claims are dismissed before trial, however, the state law claims should also be dismissed. Rodríguez v. Doral Mortage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). Therefore, plaintiff's claims under P.R. Laws Ann. 5, 100 and 382 should also be dismissed.

In view of the above, I recommend that summary judgment be GRANTED in favor of all defendants and that the case be dismissed in its entirety.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4,

CIVIL 98-1758 (JAG)                              10

6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 8th day of February, 2002.

*[signature]*

JUSTO ARENAS
United States Magistrate Judge