IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILSON RUIZ SULSONA

    **Plaintiff(s)**

    v.        CIVIL NO. 98-1758 (JAG)

UNIVERSITY OF PUERTO RICO, et al

    **Defendant(s)**

---

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

On February 12, 2002, Magistrate Judge Justo Arenas issued a Report and Recommendation in which he recommended that the Court grant defendants's[1] summary judgment motion. (Docket No. 59.) On February 22, 2002, plaintiff Wilson Ruiz-Sulsona timely filed objections to the Report and Recommendation (Docket No. 60.) On March 12, 2002, defendants filed a reply to plaintiff's objections. (Docket No. 62.) Upon review of the record, the Court adopts the Report and Recommendation, and grants defendants's motion for summary judgment.

---

[1] The defendants in this case are the University of Puerto Rico; Diana Ruiz-Gomez; the Commonwealth of Puerto Rico; Pedro N. Gonzalez-Cordero; Luis R. Crespo-Bello; Fernando Neris-Flores; Miguel Gonzalez-Valentin; John Doe; and Richard Doe.



Civil No. 98-1758(JAG)                                                    2

## FACTUAL BACKGROUND

The Court briefly recounts the factual underpinnings of the case, which the Magistrate has cogently articulated in his Report and Recommendation. (Docket No. 60 at 1-2.) Ruiz-Sulsona, a contract professor at the University of Puerto Rico's Aguadilla campus, and an active member of the statehood-supporting New Progressive Party, claims that defendants discriminated against him, and ultimately failed to renew his teaching contract, because of his political affiliation.

## STANDARD OF REVIEW

A district court may, on its own motion, refer a pending matter to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); Local Rule 503. The losing party may contest the Report and Recommendation by filing written objections within ten days of being served with a copy of the Report and Recommendation. The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The Court may accept, reject or modify, in whole or in part, the magistrate's recommendations. "Failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are waived on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992).

Civil No. 98-1758(JAG)                                                    3

## DISCUSSION

The Magistrate reasoned, *inter alia*, that Ruiz-Sulsona's claims are barred by the applicable statute of limitations, since he concededly was notified about the expiration of (and the decision not to renew) his contract on May 8 and May 15, 1997, but he did not file suit until June 30, 1998. (Docket No. 60 at 8.) In his deposition, Ruiz-Sulsona testified that he was aware that his contract would not be renewed - for political reasons - by the time he received both notifications in May, 1997. (*Id.*) Still, he filed suit in June, 1998, more than a year after he became aware of the allegedly discriminatory actions.

Ruiz-Sulsona contends that the Court should look to Puerto Rico Supreme Court precedent to determine when the limitations period accrues. (Docket No. 60 at 4-7.) He is mistaken. To be sure, in claims based on the Civil Rights Act, 42 U.S.C. § 1983, federal courts must look to the state's limitations period for tort actions (here, one year) to determine its *length*. See, *e.g.*, Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992). Federal law, however, controls the date in which the limitations period begins to accrue. *Id.*

In § 1983 cases, the statute of limitations begins to run when the plaintiff knows, or has reason to know, of the injury on which the action is based. *Id.* Here, the limitations period began to run when Ruiz-Sulsona learned of the decision to terminate his

employment - this holds true even when the notice he received is not formal. See <u>Ching v. MITRE Corp.</u>, 921 F.2d 11, 14 (1st Cir. 1990). "It is the clarity of the notice received, not whether it is memorialized on official stationery or reduced to writing, that determines the accrual of causes of action premised upon wrongful deprivation of employment under section 1983." <u>Rivera-Muriente</u>, 959 F.2d at 353 (citing <u>Mull v. Arco Durethene Plastics, Inc.</u>, 784 F.2d 284, 288 (7th Cir. 1986)).

It is uncontested that Ruiz-Sulsona became aware of the allegedly discriminatory action (the University's decision not to renew his contract) on May 8, 1997. All of the corollary discriminatory acts of which Ruiz-Sulsona complains took place before that date, thus making his attempt at establishing a "continuous violation" theory futile. Accordingly, his claims under § 1983 are time barred, and must be dismissed.

The Court has reviewed the Magistrate's additional reasons for granting defendants's summary judgment motion, and concurs with them. Since the Magistrate has produced a well-reasoned decision, the Court will "refrain from writing at length to no other end than to hear its own words resonate." <u>United States</u> v. <u>Baltas</u>, 236 F.3d 27, 32 (1st Cir. 2001)(citations omitted).

## CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate's Report and Recommendation, and dismisses Ruiz-Sulsona's federal

Civil No. 98-1758(JAG) 5

claims with prejudice. The Court dismisses Ruiz-Sulsona's state law claims without prejudice, pursuant to 28 U.S.C. § 1367. Judgment will enter accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 21st day of March 2002.

_____
JAY A. GARCIA GREGORY
United States District Judge